UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EARL D. DOWTY,<br><br>                     Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>                     Respondent. | 4:16-CV-04065-KES<br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

Pending is petitioner Earl D. Dowty's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge.

**FACTS**

Mr. Dowty pleaded guilty to being a felon in possession of a firearm and was sentenced to a term of 120 months' imprisonment by the Honorable Roberto A. Lange, district judge. See United States v. Dowty, CR. 11-30026-RAL (D.S.D.). Mr. Dowty appealed and the Eighth Circuit Court of Appeals dismissed the appeal based upon Mr. Dowty's waiver of his appeal rights contained in his plea agreement.

Next, Mr. Dowty filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. See Dowty v. United States, CV. 13-3022-RAL.

Judge Lange denied relief under § 2255 and Mr. Dowty appealed. The Eighth Circuit denied his application for a certificate of appealability and dismissed the appeal. Mr. Dowty's petition for rehearing was also denied.

In the instant § 2241 petition, Mr. Dowty claims he is being held illegally and that his detention is unlawful due to the provisions of the Fort Laramie Treaty of 1868, the Sioux Act and the Agreement of 1877. Mr. Dowty is currently incarcerated at the Federal Correctional Complex in Coleman, Florida. See Docket Nos. 1 and 11.

## DISCUSSION

### A.    Lack of Jurisdiction Under 28 U.S.C. § 2241

A § 2241 motion must be filed in the district where the petitioner is incarcerated. See 28 U.S.C. §§ 2241(a) & 2255(e); Rules 3(b) and 4(a), 28 U.S.C. foll. § 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). That is because a habeas petition, if granted, is addressed to the custodian holding the petitioner in custody; the court issuing the order must be located in the same district as the custodian in order to assert personal jurisdiction over the custodian. Padilla, 542 U.S. at 442. Mr. Dowty is currently incarcerated in Coleman, Florida. Accordingly, the District of South Dakota does not have personal jurisdiction over Mr. Dowty's current custodian. Id.

### B.    Second or Successive Petition Under 28 U.S.C. § 2255

There is an additional reason this court lacks jurisdiction to consider Mr. Dowty's petition. Although Mr. Dowty filed his pleading as a habeas petition under § 2241, the substance of that petition seeks to challenge the

2

validity of his sentence.  The distinction between a petition pursuant to § 2241 and a petition pursuant to § 2255 is that the former challenges the way a sentence is carried out while the latter challenges the validity of the conviction itself.  Reno v. Koray, 515 U.S. 50, 52-53 (1995); Bell v. United States, 48 F.3d 1042, 1043-44 (8th Cir. 1995).  Here, Mr. Dowty in reality is challenging the validity of his conviction.  Therefore, regardless of the label he assigns to his petition, it is in reality another § 2255 petition.

There are special rules attending the filing of a second or successive § 2255 petition.  Part (h) of § 2255 provides:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered  evidence that, if proven and viewed in light of the evidence as a whole, would be  sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of  constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Not every numerically second habeas petition is properly termed a "second or successive" petition *if* the predicate for the petition arose *after* the filing of the original petition.  Slack v. McDaniel, 529 U.S. 473, 486 (2000).  Instead, "second or successive" is a term of art.  Id.

A fair reading of Mr. Dowty's current petition reveals he challenges the legality of the same conviction that he has already challenged in his previous § 2255 motion.  The grounds raised by Mr. Dowty in his current petition are claims which could have been raised previously, based on facts which existed before the first petition and were or should have been known at that time.

3

Mr. Dowty offers no explanation for failing to include these claims in his earlier petition. His current petition is truly a "second or successive" § 2255 petition. Therefore, Mr. Dowty is required to obtain permission from the Eighth Circuit Court of Appeals before filing his second or subsequent writ of habeas corpus as is required by 28 U.S.C. § 2255(h). He has not done so. As a result, this court is without jurisdiction to consider petitioner's request for relief. Garrett v. Groose, 99 F.3d 283, 285-86 (8th Cir. 1996); Williams v. Hopkins, 130 F.3d 333, 335-36 (8th Cir. 1977).

## CONCLUSION

This court lacks jurisdiction over Mr. Dowty's petition for two reasons. The petition in reality is a second or successive § 2255 petition for which Mr. Dowty has not obtained permission to file pursuant to 28 U.S.C. § 2255(h). Alternatively, if it is truly a § 2241 petition, the court lacks jurisdiction because the petition was not filed in the same district where Mr. Dowty is currently incarcerated. It is therefore respectfully RECOMMENDED to the district court that:

(1) Mr. Dowty's petition (Docket No. 1) be DISMISSED for lack of jursidiction; and

(2) Mr. Dowty's motion to proceed in forma pauperis (Docket 7) be DENIED as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely

4

objections will result in the waiver of the right to appeal questions of fact.

Objections must be timely and specific in order to require de novo review by the

District Court.  <u>Thompson v. Nix</u>, 897 F.2d 356 (8th Cir. 1990); <u>Nash v. Black,</u>

781 F.2d 665 (8th Cir. 1986).

DATED November 3, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge