UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EARL D. DOWTY,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | 4:16-CV-04065-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Petitioner, Earl D. Dowty, filed a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Docket 1. The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that the petition be dismissed. Docket 12.

Magistrate Judge Duffy found that the court lacked jurisdiction under 28 U.S.C. § 2241 because Dowty is not incarcerated in the District of South Dakota. *Id.* at 2. Magistrate Judge Duffy also found that Dowty's pleading should be construed as a petition under 28 U.S.C. § 2255 because Dowty challenges the validity of his conviction. *Id.* at 3. Because Dowty had already filed a petition under § 2255, Magistrate Judge Duffy found that this petition was successive. *Id.* Dowty did not show that he had been given permission to file a second or successive petition. Therefore, Magistrate Judge Duffy recommends dismissal of Dowty's petition.

Dowty objects to this recommendation. Docket 13. In his objection, he reiterates that the court did not have jurisdiction over him when he was tried and as a consequence, his conviction is illegal. *Id.* He does not respond to Magistrate Judge Duffy's analysis. Therefore, his objections are overruled.

"A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). Here, an evidentiary hearing is not required because the record shows that Dowty is not incarcerated in the District of South Dakota and that he has already filed a petition under 28 U.S.C. § 2255.

Before denial of a § 2255 motion may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Dowty has not made a substantial showing that the district court's assessments of his claims are debatable or wrong. Consequently, a certificate of appealability is not issued.

Thus, it is ORDERED

1. Dowty's motion for leave to proceed in forma pauperis (Docket 7) is granted.

2. Dowty's objections to the report and recommendation (Docket 13) are overruled.

3. The report and recommendation (Docket 12) is adopted in full. Dowty's petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed.

4. A certificate of appealability is not issued.

Dated April 27, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE